UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ORION WINE IMPORTS, LLC and
PETER E. CREIGHTON,

        Plaintiffs,

    v.

JACOB APPLESMITH, in his official
capacity as Director of the California
Department of Alcoholic Beverage
Control,

        Defendant.

No. 2:18-cv-01721-KJM-DB

ORDER

Two motions are currently before the court: a motion for leave to file a second amended complaint filed by plaintiffs Orion Wine Imports, LLC and Peter Creighton, ECF No. 17-1, and a motion to dismiss the First Amended Complaint filed by defendant Jacob Applesmith, Director of the California Department of Alcoholic Beverage Control, ECF No. 15-1. The parties have filed oppositions, Pls.' Opp'n, ECF No. 19; Def.'s Opp'n, ECF No. 20, and plaintiffs have replied, ECF No. 21. The court finds the motions appropriate for decision without oral argument. As explained below, the court GRANTS plaintiffs' motion for leave to file a second amended complaint.

/////

/////

I.      BACKGROUND

This action brought under 42 U.S.C. § 1983 challenges the constitutionality of California Business & Professions Code § 23361. Compl., ECF No. 1. On July 10, 2018, before defendant filed an answer, plaintiffs filed their First Amended Complaint. ECF No. 10. On August 1, 2018, defendant moved to dismiss. ECF No. 15-1. On August 10, 2018, while defendant's motion to dismiss was pending, plaintiffs filed a motion seeking leave to file a second amended complaint. ECF No. 17-1. Plaintiffs wish to amend to correct typographical errors in their First Amended Complaint. ECF No. 17-1 at 2. Specifically, plaintiffs misidentified California Business & Professions Code § 23661 as § 23361 and California Business & Professions Code § 23374 as § 23774. ECF No. 17-1 at 2.

II.     LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give leave [to amend a pleading] when justice so requires." The Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). However, "the liberality in granting leave to amend is subject to several limitations. Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Properties*, 866 F.2d at 1160 (internal citation omitted). In addition, a court should look to whether the plaintiff has previously amended the complaint, as "the district court's discretion is especially broad 'where the court has already given a plaintiff one or more opportunities to amend [its] complaint.'" *Id.* at 1161 (alteration original) (quoting *Leighton*, 833 F.2d at 186 n.3).

III.    DISCUSSION

In opposition to plaintiffs' motion, defendant asserts "the timing and substantial nature of Plaintiffs' proposed amendments unduly prejudice Defendant." ECF No. 20 at 1.

1 | Defendant argues he "may have unnecessarily and prematurely presented merit-based arguments"
2 | in his motion to dismiss plaintiffs' First Amended Complaint that "Plaintiffs now have several
3 | opportunities to attack."  ECF No. 20 at 3.  Defendant also argues he lacks fair notice of
4 | plaintiffs' claims and will not have a fair and full opportunity to analyze the operative complaint
5 | and prepare an appropriate response before the parties' initial status conference and disclosures if
6 | the court grants plaintiffs' motion.  ECF No. 20 at 3.  Finally, defendant asserts that plaintiffs
7 | have had two opportunities to properly identify the appropriate statutory provisions.  ECF No. 20
8 | at 5.

Because courts "should liberally allow a party to amend its pleading," *Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013), denial of amendment is warranted only if "there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Id.* (alteration original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, the court finds granting plaintiffs leave to amend to be in the interest of justice.  Plaintiffs plausibly represent that their misidentification of the appropriate statutory provisions in the First Amended Complaint are the result of "typographical errors."  ECF No. 17-1 at 2.  Granting plaintiffs' motion would therefore serve the purpose of Rule 15 by "facilitat[ing] decision on the merits."  *DCD Programs*, 833 F.2d at 186.  In addition, defendant has not identified "strong evidence" that plaintiffs' motion would cause undue delay or undue prejudice to defendant at this early stage of the proceedings.  In light of the Federal Rules' policy of favoring amendments and having weighed the various interests, the court grants plaintiffs' motion for leave to amend the First Amended Complaint.  Although plaintiffs' motion does not appear to reflect an attempt at gamesmanship, that plaintiffs did not correct their typographical errors when they filed their First Amended Complaint does evidence significant inattention to detail.  It also appears plaintiffs' counsel failed to meet and confer with defense counsel before filing.

Plaintiffs' counsel is cautioned that failure to comply with court orders in the future will lead to an order to show cause why sanctions should not be imposed.

IV.     CONCLUSION

For the foregoing reasons, the court orders as follows:

(1) Plaintiffs' motion for leave to file a second amended complaint, ECF No. 17-1, is GRANTED. Plaintiffs are ordered to file their second amended complaint within twenty-one (21) days of the date this order is filed.

(2) Defendant's motion to dismiss, ECF No. 15-1, is DENIED AS MOOT with leave to refile upon the filing of a second amended complaint.

(3) The court VACATES the hearing on defendant's motion to dismiss and plaintiffs' motion to amend scheduled for October 19, 2018, and RESETS the status (pretrial scheduling) conference for December 13, 2018 at 2:30 P.M. The parties shall file a joint status report seven (7) days prior to the new date of the status conference.

IT IS SO ORDERED.

DATED: October 1, 2018.

_____
UNITED STATES DISTRICT JUDGE