XAVIER BECERRA, State Bar No. 118517
Attorney General of California
ANDREA R. AUSTIN, State Bar No. 173630
Supervising Deputy Attorney General
LYKISHA D. BEASLEY, State Bar No. 282907
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-6110
 Fax: (916) 324-5567
 E-mail: Lykisha.Beasley@doj.ca.gov
*Attorneys for Defendant
Jacob Appelsmith, Director of the
Alcoholic Beverage Control*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ORION WINE IMPORTS, LLC and PETER E. CREIGHTON,**<br><br>Plaintiffs,<br><br>v.<br><br>**JACOB APPLESMITH, in his official capacity as Director of the California Department of Alcoholic Beverage Control,**<br><br>Defendants. | 2:18-cv-01721-KJM-DB<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>Date: November 22, 2019<br>Time: 10:00 a.m.<br>Courtroom: 3<br>Judge: The Honorable Kimberly J. Mueller<br><br>Action Filed: June 14, 2018 |

  Plaintiffs' opposition to Defendant Appelsmith's motion to dismiss their Third Amended Complaint ("TAC") fails to support their complaint in a manner that justifies the continued litigation of this case. Plaintiffs represented to the Court that they were unsure as to whether the necessary wine importer licenses were only available to in-state importers. ECF No. 52, p. 10. However, as explained in each of Defendant Appelsmith's responsive pleadings, California's three-tier system for regulating the in-state sale alcoholic beverages is non-discriminatory. Plaintiffs may obtain the same importer and wholesale licenses as California residents on the

1

same terms. Plaintiffs' opposition to Defendant Appelmisth's motion confirms that what they seek is not equal treatment with in-state entities, but rather a special privilege to bypass the second tier of California's longstanding three-tier system of regulation in order to engage in direct-to-retailer shipment of imported wine – a privilege that no in-state (or any) entity enjoys.[1]

Plaintiffs' opposition similarly fails to establish the validity of Mr. Creighton's Article IV Privileges and Immunities claim. The allegations in the TAC and arguments in the opposition demonstrate that Plaintiff Creighton's claimed injuries are entirely derivative of the speculative agreement between his company and another company. Additionally, Plaintiffs' pleadings fail to state a viable case of disparate treatment of nonresidents by the challenged statute given that if Plaintiff Creighton chose to import wine into California, he would do it in the same manner as someone who resides in California.

Plaintiffs' TAC did not cure the deficiencies identified by the Court in its Order regarding the dismissal of Plaintiffs' SAC and their opposition lacks sufficient facts and legal authority to overcome dismissal. *See* ECF Nos. 52, 53, 56, 57. After several opportunities to state valid claims under the dormant Commerce Clause and the Privileges and Immunities Clause of Article IV, they have failed to do so. Their TAC should now be dismissed without leave to amend.

## ARGUMENT

### I. PLAINTIFFS' DORMANT COMMERCE CLAUSE CLAIMS FAILS AS A MATTER OF LAW BECAUSE BUSINESS AND PROFESSIONS CODE SECTION 23661 DOES NOT DISCRIMINATE AGAINST OUT-OF-STATE BUSINESSES

Plaintiffs are asserting a claim for discrimination under the dormant Commerce Clause based upon their contention that Orion Wine Imports (Plaintiff Creighton's Company) is "prohibited from selling and delivering wine directly to California-licensed retailers from its facilities," which are based in Florida. TAC ¶¶ 9, 27. Plaintiffs further contend that "California's statutory scheme imposes *extra* requirements on out-of-state wine wholesalers," in violation of the dormant Commerce Clause. TAC ¶ 27 (emphasis added). Both of these contentions lack

---

[1] While there are some specific exceptions to California's generally discrete licensing tiers, they are not applicable to this case.

2

1  legal and factual support and disregard the fact that California's alcoholic beverage control laws
2  do not permit any entity to bypass the middle tier of its three-tier system and ship imported wine
3  directly to retailers.  Plaintiffs' opposition to Defendant's motion to dismiss highlights the
4  inadequacies of their TAC by offering speculative assertions about how direct-to-retailer shipping
5  would benefit their business and conceding key facts.  Plaintiffs acknowledge that their residency
6  has no impact on their ability to obtain the relevant licenses in California and that they are able to
7  utilize licensed public warehouses to meet the lawful requirements of Section 23661, like anyone
8  else.  Opposition, pp. 6, 8.

9  In their opposition, Plaintiffs seem to shift their argument from the issue of whether they
10  have equal access to public warehouses to the notion that "leasing space in a warehouse may not
11  be enough" for Orion to comply with California's record-inspection laws.  Opposition, p. 8.  In
12  doing so, they refer to California Business and Professions Code sections 23405.2 and 25753 and
13  California Code of Regulations, Title IV, Division I, Article IV.  Section 23405.2 requires that a
14  record of an LLC's members be retained at their California office for inspection.  Cal. Bus. &
15  Prof. Code § 23405.2.  Section 25753 notifies licenses that the Department of Alcoholic Beverage
16  Control may inspect their premises and examine their books and records.  Cal. Bus. & Prof. Code
17  § 25753.  The California Code of regulations provision mentioned by Plaintiffs merely requires
18  sales invoices to be recorded each time one licensee sells an alcoholic beverage to another
19  licensee.  Cal.Code Regs. Tit. 4, § 17 (2019).  Notably, Plaintiffs have not plead a challenge to
20  any of California's alcoholic beverage record retention and inspection laws.  Therefore, any such
21  challenge raised in their opposition to Defendant's motion to dismiss the TAC should be
22  disregarded.  As to the assertion that the afore-mentioned laws prevent Orion from participating
23  in California using a public warehouse, it is incorrect and lacking legal support.  One of the
24  primary purposes of licensed public warehouses is to serve as "principal offices" in California for
25  out-of-state businesses, like Orion.  *See* Cal. Bus. & Prof. Code §§ 23036, 23375.  Utilizing a
26  public warehouse provides entities with a licensed premises at which they can receive, document,
27  and wholesale imported wine in a manner that complies with California law, without the need to
28  open and staff their own private facilities.  Plaintiffs have no basis to argue that they cannot

3

1 comply with California's record retention and inspection laws if they lease space in a licensed
2 public warehouse.  Such tangential assertions further reveal that Plaintiffs do not have a right to
3 relief under the dormant Commerce Clause.

4       "The primary purpose of the dormant Commerce Clause is to prohibit statutes that
5 discriminate against interstate commerce by providing benefits to in-state economic interests
6 while burdening out-of-state competitors." *Association des Eleveurs de Canards et d'Oies due*
7 *Quebec v. Harris*, 729 F.3d 937, 947 (9th Cir. 2012) (internal quotations and citations omitted).
8 The burden of showing differential treatment is borne by the party challenging the statute. *Black*
9 *Star Farms, LLC. V. Oliver*, 600 F.3d 1225, 1230 (9th Cir. 2010).  Here, Plaintiffs have failed to
10 meet their burden.

11       Plaintiffs allege that Section 23661, which requires wine imported into California be
12 consigned to a licensed importer at a licensed public warehouse or other licensed premises, and
13 any statute related to it, is unconstitutionally protectionist, but have failed to allege facts that
14 demonstrate how out-of-state economic interests are treated differently from in-state economic
15 interests.  In support of their claim, the opposition brief erroneously states: "[w]ine distributors
16 whose facilities are located in California may import foreign wine and distribute it directly to
17 retailers, but distributors like Orion whose facilities are located outside may not." Opposition, p.
18 5.  Indeed, the citation for that assertion directs the Court to paragraphs seven through nine of
19 Plaintiffs' own complaint, which also lacks legal citations for the conclusions proffered in those
20 paragraphs.  TAC ¶¶ 7-9.  Plaintiffs are unable to cite to statutory language that supports their
21 position because Section 23661 is not protectionist.  Likewise, Plaintiffs continue to refer to
22 undefined prospective burdens and inconveniences they claim arise from having to comply with
23 the established three-tier system, but ignore that the importer/wholesaler tier of California's
24 regulatory system is permissible. *Granholm v. Heald*, 544 U.S. 460, 466 (2005).  What is more,
25 the statutory scheme specifically allows an out-of-state business's alcoholic beverages to "come
26 to rest, [be] stored, and [be] shipped from a public warehouse in California." Cal. Bus. & Prof.
27 Code § 24041; ECF No. 52 at p. 3.
28

Plaintiffs are attempting to leverage the dormant Commerce Clause, which is intended to protect the flow of commerce among the states, to gain a competitive advantage and avoid compliance with the three-tier system.  However, "the commerce clause does not give an interstate business the right to conduct its business in what it considers the most efficient manner; the Constitution 'protects the interstate market, not particular interstate firms.'" *Valley Bank of Nevada v. Plus System, Inc.*, 914 F.2d 1186, 1193 (9th Cir. 1990.) (citing Exxon Corp. v. Governor of Maryland, 437 U.S. 117, 127 (1978).).  Thus, Plaintiffs' dormant Commerce Clause claim fails as a matter of law.

## II. PLAINTIFF CREIGHTON'S ARTICLE IV PRIVILEGES AND IMMUNITIES CLAIM FAILS AS A MATTER OF LAW BECAUSE IT IS DERIVATIVE AND BUSINESS AND PROFESSIONS CODE SECTION 23661 IS NON-DISCRIMINATORY

The relevant facts and applicable law dictate that dismissal is appropriate for Plaintiff Creighton's Article IV Privileges and Immunities claim.  Plaintiffs' TAC states that Creighton is the owner and operator of Orion and that his request for relief is based on the fact Orion must adhere to Section 23661 and cannot ship imported wine directly to the Pour House, an alcoholic beverage retailer.  TAC ¶¶ 29, 40, 43.  Such derivative claims are invalid.  *Woods View II, LLC v. Kitsap County*, 484 F. Appx. 160, 161 (9th Cir. 2012); See also ECF No. 52, p. 13.  Plaintiffs' opposition attempts to minimize the derivative nature of Creighton's Privileges and Immunities claim by insisting that "all profits pass through the LLC and go directly to Mr. Creighton," but that only underscores the fact that Creighton's alleged injuries flow from alleged injuries to Orion.  Opposition, p. 10.

Plaintiffs' opposition is also incongruent with current, applicable case law analyzing who may and may not bring a Privileges and Immunities claim.  Significantly, the Supreme Court recently reiterated the Court's established interpretation that the Privileges and Immunities Clause of Article IV does not protect corporations and applied that longstanding interpretation to a trade association.  *Tennessee Wine and Spirits Retailers Association v. Thomas*, -- U.S. --, 139 S. Ct. 2449, 2460-2461 (2019).  Although the Supreme Court does not have frequent occasion to address Article IV Privileges and Immunities Claims by business or association, several lower

courts have and the result is the same. *See Aqua Harvesters, Inc. v. New York State Department of Environmental Conservation*, No. 17-CV-1198, 2019 WL 3037866, at 48 n.59. By contrast, Plaintiffs do not cite to any relevant authority for the proposition courts regard that limited liability companies ("LLCs") differently than incorporated businesses for the purposes of the Privileges and Immunities Clause of Article IV. Therefore, the claim must be dismissed.

Furthermore, even if Plaintiff Creighton's Privileges and Immunities claim was not derivative, it would still fail for reasons similar to those discussed in Section I above. The challenged statute does not discriminate against persons or entities on the basis of residency. Plaintiffs are asserting Constitutional claims to conduct an end-run around the second tier of California's three-tier system for regulating the sale and distribution of alcoholic beverages. Thus, Plaintiff Creighton's Privileges and Immunities claim fails as a matter of law.

## CONCLUSION

Based on the legal insufficiency of Plaintiffs' claims, the Court's prior Order (ECF No. 52), and the arguments presented by Defendant in his motion and the foregoing reply, Defendant respectfully requests that this Court dismiss Plaintiffs' Third Amended Complaint, without leave to amend.

Dated: November 15, 2019　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　XAVIER BECERRA
　　　　　　　　　　　　　　　　　　　　　　Attorney General of California
　　　　　　　　　　　　　　　　　　　　　　ANDREA R. AUSTIN
　　　　　　　　　　　　　　　　　　　　　　Supervising Deputy Attorney General


　　　　　　　　　　　　　　　　　　　　　　*/s/ Lykisha D. Beasley*


　　　　　　　　　　　　　　　　　　　　　　LYKISHA D. BEASLEY
　　　　　　　　　　　　　　　　　　　　　　Deputy Attorney General
　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　　　　　　*Jacob Appelsmith, Director of the*
　　　　　　　　　　　　　　　　　　　　　　*Alcoholic Beverage Control*

SA2018101846

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Orion Wine Imports, LLC, and Peter E. Creighton v. Jacob Applesmith** | No. | **2:18-cv-01721-KJM-DB** |

I hereby certify that on <u>November 15, 2019</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>November 15, 2019</u>, at Sacramento, California.

| Jenny Thirakul | */s/ Jenny Thirakul* |
|---|---|
| Declarant | Signature |

SA2018101846