MORGAN, LEWIS & BOCKIUS LLP
Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Robert A. Brundage, Bar No. 159890
robert.brundage@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:    415.442.1000
Fax:   415.442.1001

Attorneys for Amicus Curiae
California Beer and Beverage Distributors

HOLLAND & KNIGHT LLP
Michael B. Newman, Bar No. 127774
michael.newman@hklaw.com
50 California Street, Suite 2800
San Francisco, CA 94111-4799
Tel:    415.743.6900
Fax:   415.743.6910

Attorneys for Amicus Curiae
Wine and Spirits Wholesalers of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Orion Wine Imports, LLC and Peter Creighton,<br><br>Plaintiffs,<br><br>vs.<br><br>Jacob Appelsmith, in his Capacity as Director of the California Department of Alcoholic Beverage Control,<br><br>Defendant. | Case No. 2:18-cv-01721-KJM-DB<br><br>**REPLY BRIEF OF AMICI CURIAE CALIFORNIA BEER AND BEVERAGE DISTRIBUTORS AND WINE AND SPIRITS WHOLESALERS OF CALIFORNIA, SUPPORTING DEFENDANT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>Date:          November 22, 2019<br>Time:         10:00 a.m.<br>Place:        Courtroom 3<br>                   Federal Court Building<br>                   501 I Street<br>                   Sacramento CA<br>Judge:       Hon. Kimberly J. Mueller<br>Action Filed:   June 14, 2018 |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ..................................................................................................................... 3

    A. Plaintiffs Lack Article III Standing. ....................................................................... 3

        1. If Orion Shipped Wine Directly From Florida To The Pour House in California, The Pour House – Not Orion – Would Be An Importer And The Consignee Under California Law. ............................... 3

        2. The Pour House's Lack of An Importer's License Precludes It from Receiving Wine Shipped Directly from Florida. ........................................ 6

        3. Because The Pour House Cannot Receive Wine Shipped Directly from Orion's Florida Facility Regardless of Section 23661, Plaintiffs Do Not Allege Facts Establishing The Causation and Redressability Elements of Standing. ........................................................ 7

    B. On The Merits, The Commerce Clause Allegations Fail to State A Claim. ............ 7

III. CONCLUSION ................................................................................................................... 8

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 37808034.6

i

REPLY BRIEF OF AMICI CBBD AND WSWC
NO. 2:18-CV-01721-KJM-DB

# TABLE OF AUTHORITIES

**Page(s)**

**STATUTES**

Cal. Bus. & Prof. Code
  § 23017 ............................................................................................................. 1, 2, 4, 5, 6
  § 23300 .............................................................................................................................. 6
  § 23320 .............................................................................................................................. 6
  § 23355 .............................................................................................................................. 6
  § 23374 ........................................................................................................................... 4, 6
  § 23378 .............................................................................................................................. 4
  § 23661 ................................................................................................................. 1, 2, 3, 4, 7
  § 23667 ........................................................................................................................... 5, 6
  § 23668 ........................................................................................................................ 2, 5, 6

Cal. Civ. Code
  § 2110 ................................................................................................................................ 5

**OTHER AUTHORITIES**

U.S. Const.
  art. III ..................................................................................................................... 1, 2, 3, 7, 8

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

REPLY BRIEF OF AMICI CBBD AND WSWC
NO. 2:18-CV-01721-KJM-DB

DB2/ 37808034.6

Amici Curiae California Beer and Beverage Distributors ("CBBD") and Wine and Spirits Wholesalers of California ("WSWC") (together "Amici") submit this reply to Plaintiffs' "Brief in Reply to Amicus" (Dkt. 62, or "Plaintiffs' Response"), which responded to Amici's brief (Dkt. 58, or "Opening Brief") supporting the motion to dismiss (Dkt. 56) Plaintiffs' Third Amended Complaint (Dkt. 53).

## I.  INTRODUCTION

As spelled out in Amici's Opening Brief, unchallenged alcoholic beverage licensing laws prohibit a person that lacks an importer's license from receiving wine or other alcoholic beverages shipped directly from outside California. (Dkt. 58 at 6:14-7:15, 7:16-25)  There is no allegation that Plaintiffs' intended buyer, the Pour House, has an importer's license.  For this reason, the Pour House cannot receive wine shipped directly from Orion's facility in Florida, and it would not be able to receive wine directly from Orion even if this Court enjoined enforcement of section 23661.[1]  (Dkt. 58 at 6:14-9:8)  Therefore Plaintiffs have not alleged facts establishing either that their injury was caused by the portion of section 23661 that they challenge or that enjoining enforcement of that provision would redress their alleged injury.  Therefore, they lack Article III standing and this Court lacks subject matter jurisdiction.  (Dkt. 58 at 9:9-12:18)

Plaintiffs' response holds no water.  Plaintiffs assert that if section 23661 were enjoined, *Orion* would obtain an importer's license and ship the wine to the Pour House under *Orion's* importer's license.  Apparently their unspoken notion is the Pour House would not need an importer's license because Orion would be the importer.  That notion is wrong as a matter of law, for at least three separate reasons.

First, under the alcoholic beverage licensing laws' plain language, "[i]mporter" includes "Any person … to whom *delivery is first made* in this State of alcoholic beverages brought into this State from without this State for delivery or use within this State."  § 23017(b) (emphasis added).  In Plaintiffs' hypothetical transaction, that person is inescapably the Pour House, since wine would be shipped from Orion's facility in Florida directly to the Pour House in California.

---

[1] All statutory references are to the California Business & Professions Code unless otherwise specified.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 37808034.6

1

REPLY BRIEF OF AMICI CBBD AND WSWC
NO. 2:18-CV-01721-KJM-DB

There is no way around this point. And it is dispositive: Plaintiffs do not dispute that to become an importer, one must have an importer's license. Thus Plaintiffs cannot sell and ship directly from Florida to the Pour House unless the Pour House has an importer's license. There is no allegation that it has one.

Second, when alcoholic beverages are transported into California, a common carrier cannot *deliver* them if the consignee is not a licensed importer or customs broker. The carrier must deliver such beverages to the Department of Alcoholic Beverages Control and they are forfeited. § 23668. In Plaintiffs' hypothetical transaction, the Pour House would be the consignee. The Pour House would need an importer's license before the beverages could be delivered to it.

Third, under California law Orion would not be an "importer" of wine that it shipped from Florida to the Pour House in California. Section 23017 defines "Importer" to mean any of four categories of person. Orion does not fit within any of the categories if it ships wine from Florida to the Pour House. In Plaintiffs' hypothetical transaction, Orion is the out of state shipper – not the importer. The Pour House would be the importer.

Because under Plaintiffs' scenario the Pour House would be an "importer" under section 23017 and the "consignee" under section 23668 and therefore needs its own importer's license, and also because Orion would not even be an "importer" under section 23017, it does not matter whether Orion has or could get an importer's license. The Pour House cannot legally receive wine shipped by Orion from Florida, nor can a common carrier legally deliver it to the Pour House, unless the Pour House has an importer's license.

Further, Plaintiffs explicitly disclaim any challenge to these alcoholic beverage licensing laws. Thus the licensing laws would continue to preclude the Pour House from receiving wine shipped directly from Orion's facilities in Florida, even if section 23661 were struck down. Because unchallenged laws cause the same alleged injury, and would continue to cause it regardless of any relief granted in this lawsuit, the causation and redressability elements of Article III standing are missing.

Further leave to amend would be pointless. Plaintiffs' lack of standing is incurable given

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

DB2/ 37808034.6

2

REPLY BRIEF OF AMICI CBBD AND WSWC
NO. 2:18-CV-01721-KJM-DB

their explicit admission that they do not challenge the alcoholic beverage licensing laws. The Court must dismiss the case for lack of jurisdiction.

## II. ARGUMENT

### A. Plaintiffs Lack Article III Standing.

Plaintiffs' brief confirms that their alleged Article III injury is exactly what Amici's opening brief says it is. Plaintiffs admit their injury is the alleged loss from not being able to sell and ship from Orion's facility in Florida directly to the Pour House in California. (Dkt. 62 at 2:14-20) (asserting that they have suffered a "concrete and personal injury" because they "have lost income they would otherwise have received from sales to the Pour House if the law allowed them to sell and ship directly" and "indirect avenues for getting their wine to the Pour House, such as using third-party importers, are economically unfeasible.")

Plaintiffs wrongly assert that this injury would be redressed by enjoining part of section 23661. (Dkt. 62 at 2:21-23) (asserting that "injury is redressable because this Court can enjoin enforcement of the provision in Cal. Bus. & Prof. Code § 23661 that wine must be consigned to the physical premises of an importer or public warehouse located in the state."). If this part of section 23661 were enjoined, Plaintiffs say, Plaintiffs could obtain California importer and wholesaler licenses and "ship wine directly to the Pour House *from Orion's premises in Florida*." (Dkt. 62 at 3:2-3) (emphasis added).

This assertion is wrong for the reasons set forth in Amici's opening brief. Unless the Pour House itself has an importer's license, it cannot legally receive wine shipped directly from Florida, and a common carrier cannot legally deliver such wine to it. There is no allegation that the Pour House has an importer's license. Because the Pour House does not have that license, Plaintiffs could not sell and ship directly to the Pour House even if enforcement of section 23661 were enjoined. (Dkt. 58 at 6:14-7:25, 9:3-8, 9:9-12:18) As detailed below, Plaintiffs' responses just misread California law.

    1. If Orion Shipped Wine Directly From Florida To The Pour House in California, The Pour House – Not Orion – Would Be An Importer And The Consignee Under California Law.

The heart of Plaintiffs' argument is that the wine can be imported under *Orion's*

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 37808034.6

3

REPLY BRIEF OF AMICI CBBD AND WSWC
NO. 2:18-CV-01721-KJM-DB

importer's license, if Orion obtains one. They say that "Orion would become a licensed importer allowed to bring wine into the state if the physical-presence rule is struck down." (Dkt. 62 at 4:16-17) They further contend that if Orion had importer's and wholesaler's licenses, "*Orion could import the wine into California by common carrier*, Cal. Bus. & Prof. Code § 23661, transfer title to itself as a licensed wholesaler, Cal. Bus. & Prof. Code § 23374, and sell and *deliver it to the Pour House*. Cal. Bus. & Prof. Code § 23378." (Dkt. 62 at 3:2-6) (emphasis added).[2] Plaintiffs complain that Amici supposedly assume that "Orion would also not be a California-licensed importer." (Dkt. 62 at 3:19-21) They say that any assumption that Orion would not be a "California-licensed importer" is "false and contrary to the complaint." (Dkt. 62 at 3:21-4:1)

That does not work.

*First*, under California law, Orion would not be the importer of wine sent from Orion in Florida to the Pour House in California. The Pour House would be. This is a pure question of law, governed by Business & Professions Code section 23017. Section 23017 defines "Importer" to include "[a]ny person … to whom delivery is first made in this State of alcoholic beverages brought into this State from without this State for delivery or use within this State." § 23017(b). For example, suppose Orion sends wine by Federal Express from its Florida facility directly to the Pour House in Truckee. The Pour House would be the person "to whom delivery is first made in this State" (since the wine would be shipped directly). The shipment would be of an "alcoholic beverage[]" (wine). It would be "brought into this State from without this State" (into California from Florida). And it would be both "for delivery … within this State" (for delivery to the Pour House in Truckee) and "for … use within this State" (the Pour House is a retailer that sells to consumers in California). For this reason alone, the Pour House would be an "Importer" under section 23017.

---

[2] Plaintiffs incorrectly say that section 23374 would authorize Orion to transfer title to itself as a licensed wholesaler. In fact, section 23374 only authorizes a holder of an importer's license to transfer the beverages to itself under another license, allowing it to do with the beverages whatever the other license allows. Plaintiffs' error in referring to title does not affect the substance of the argument and we point it out merely to prevent confusion.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 37808034.6

4

REPLY BRIEF OF AMICI CBBD AND WSWC
NO. 2:18-CV-01721-KJM-DB

Additionally, section 23017 also defines "Importer" to include "[a]ny consignee of alcoholic beverages brought into this State from without this state" for delivery or use in California. § 23017(a). The consignee is "the person to whom [freight] is to be delivered." Cal. Civ. Code § 2110. The Pour House would be the "consignee" of alcoholic beverages shipped directly to it, and so would be an importer for this reason as well.

So under section 23017's plain language, the *Pour House* would be an importer of wine shipped directly to it from Orion in Florida. To receive that delivery, the Pour House must have an importer's license; as Plaintiffs admit, "only licensed importers may import wine." (Dkt. 62 at 4:14-15; *see* Dkt. 58 at 6:27-7:15 (citing statutes)).

*Second*, Orion says it would ship by common carrier. (Dkt. 62 at 3:4-5)  A common carrier cannot legally deliver wine brought into California unless the consignee (again, the person to whom it is to be delivered) has an importer's license. §§ 23667, 23668; Dkt. 58 at 7:16-25. For this reason, too, the Pour House must have an importer's license in order to receive delivery of wine shipped directly from Orion's facility in Florida.

What we have just said establishes that the Pour House cannot receive delivery of wine shipped directly from Florida without an importer's license. And Plaintiffs' argument also fails for a *third* reason. Orion would *not* be an importer under California law if it ships wine directly from its Florida facility to the Pour House. Section 23017 defines an "Importer" to mean any of four categories of people:  (a) any consignee of alcoholic beverages brought into California from outside the State, if the beverages are for delivery or use in California; (b) any person to whom such beverages are first delivered in California; (c) any person licensed as an importer selling to non-licensees in exclusive enclaves of the federal government, subject to specified conditions; (d) any person bringing alcoholic beverages into California which are not consigned to any person and which are for delivery or use in California. § 23017. Plaintiffs make no effort to explain why Orion would be an importer under any of these definitions. It would not. Subdivisions 23017(a), (b) and (c) on their face do not apply to Orion:  it would not be the consignee, it would not be the person to whom the alcoholic beverages are first delivered in California, and this case does not involve federal enclaves. Subdivision (d) cannot apply either, because the beverages would be

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 37808034.6

5

REPLY BRIEF OF AMICI CBBD AND WSWC
NO. 2:18-CV-01721-KJM-DB

consigned to the Pour House. Orion would be shipping them from its Florida facility *to the Pour House*. Thus the 'not consigned to any person' element of subdivision (d) cannot apply. Because Orion does not fall within any of the categories in section 23017, Orion would not be an "importer" under section 23017.

Plaintiffs make no effort to square their argument with section 23017's definition of importer. Their only nod to this section is to say vaguely that it "defines an importer as the entity that brings wine into the state." (Dkt. 62 at 4:13-14)  That is not accurate.  As already seen, section 23017(b) makes the first person *to whom* the wine is *delivered* an importer.  Section 23017(a) makes the person to whom the wine is *consigned* an importer.  Under both definitions, that is the Pour House.

        2.       The Pour House's Lack of An Importer's License Precludes It from Receiving Wine Shipped Directly from Florida.

Plaintiffs admit that "only licensed importers may import wine." (Dkt. 62 at 4:14-15 (citing §§ 23300, 23320, 23355 and 23374))  Thus, the Pour House cannot be an importer without an importer's license.

Nor do Plaintiffs explain how a common carrier could deliver wine brought into the state to the Pour House if it lacks an importer's license.  They hedge that sections 23667 and 23668 "provide that common carriers may only bring wine into the state *for* licensed importers." (Dkt. 62 at 4:15-16) (emphasis added).  Again that is not accurate.  The statutes do not say "for" licensed importers.  They say common carriers may deliver only *to* licensed importers.  Section 23667 requires the "licensed importer" to provide a receipt and provides that if the *consignee* – the recipient – refuses to "show his license to the carrier," the carrier is relieved of the obligation to deliver the alcoholic beverages.  Bus. & Prof. Code § 23677.  Section 23668 provides as relevant here that "whenever the *consignee* is not a licensed importer or customs agent," the carrier must notify the Department of Alcoholic Beverages Control and deliver the alcoholic beverages to the Department and the beverages are forfeited.  Bus. & Prof. Code § 23668 (emphasis added).

Still, Plaintiffs say, none of the cited statutes "requires a retailer who would receive the

shipment to have an importer license." (Dkt. 62 at 4:12-13)  Again, Plaintiffs are incorrect.  The cited statutes require *any* person who would receive a shipment of alcoholic beverages from outside California (other than a licensed customs broker, or recipients for specialized purposes like selling in federal enclaves) to have an importer's license.

> 3. Because The Pour House Cannot Receive Wine Shipped Directly from Orion's Florida Facility Regardless of Section 23661, Plaintiffs Do Not Allege Facts Establishing The Causation and Redressability Elements of Standing.

The absence of any allegation that the Pour House has an importer's license is fatal to standing.  Plaintiffs do not dispute, and thus concede, that when unchallenged laws impose the same injury as the challenged law, and would continue to pose that injury regardless of the court's decision, the causation and redressability elements of Article III standing are missing.  (Dkt. 58 at 9:9-12:18)  That is this case.  Plaintiffs explicitly do not challenge the alcohol beverage licensing laws.  (Dkt. 62 at 4:1-3)  As just described, under these licensing laws the Pour House cannot receive wine shipped directly from Orion in Florida unless it has an importer's license and there is no allegation it has one – so Plaintiffs' injury is not caused by section 23661.  (Dkt. 58 at 6:14-7:28, 8:19-20, 9:3-8, 10:24-12:18)  These laws would remain a barrier even if section 23661 were enjoined – so enjoining section 23661 would not redress Plaintiffs' injury.  (Dkt. 58 at 9:9-10:23, 11:10-12:18)

Further, the defect is incurable.  There is no prospect that Plaintiffs could amend their complaint to overcome their standing problem.  Plaintiffs do not suggest that they could truthfully amend their complaint to allege that the Pour House has an importer's license.  Absent that license, the alcoholic beverage licensing laws preclude Orion from shipping wine from Florida directly to the Pour House.  Plaintiffs, now on their Third Amended Complaint, admittedly do not challenge those laws.  Thus the Court should dismiss for lack of jurisdiction without leave to amend.

**B.    On The Merits, The Commerce Clause Allegations Fail to State A Claim.**

If the Court reaches the merits, it should dismiss the Third Amended Complaint.  Amici agree with Director Appelsmith's reply brief.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 37808034.6

7

REPLY BRIEF OF AMICI CBBD AND WSWC
NO. 2:18-CV-01721-KJM-DB

### III. CONCLUSION

The Court should dismiss for lack of subject matter jurisdiction because Plaintiffs lack Article III standing. If it reaches the merits, the Court should dismiss for failure to state a claim.

Dated: November 20, 2019

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP[3]

By  /s/ *Robert A. Brundage*
   Brian C. Rocca
   Robert A. Brundage

   Attorneys for Amicus Curiae
   California Beer and Beverage Distributors

HOLLAND & KNIGHT LLP

By  /s/ *Michael B. Newman*
   (as authorized on 11/20/19)
   Michael B. Newman

   Attorneys for Amicus Curiae
   Wine and Spirits Wholesalers of California

---

[3] Robert A. Brundage, the filer of this document, hereby attests that he obtained the authorization of any other signatory prior to the document's filing.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 37808034.6

8

REPLY BRIEF OF AMICI CBBD AND WSWC
NO. 2:18-CV-01721-KJM-DB

# CERTIFICATE OF SERVICE

**Case Name:** *Orion Wine Imports, LLC, and Peter E. Creighton v. Jacob Applesmith*     **No.** 2:18-cv-01721-KJM-DB

I hereby certify that on November 20, 2019, I electronically filed the following document with the Clerk of the Court by using the CM/ECF system:

**REPLY BRIEF OF AMICI CURIAE CALIFORNIA BEER AND BEVERAGE DISTRIBUTORS AND WINE AND SPIRITS WHOLESALERS OF CALIFORNIA, SUPPORTING DEFENDANT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT**

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under the penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on November 20, 2018, at San Francisco, California

| Robert A. Brundage | */s/ Robert A. Brundage* |
|---|---|
| Declarant | Signature |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 37808034.6

9

REPLY BRIEF OF AMICI CBBD AND WSWC
NO. 2:18-CV-01721-KJM-DB