XAVIER BECERRA, State Bar No. 118517
Attorney General of California
ANDREA R. AUSTIN, State Bar No. 173630
Supervising Deputy Attorney General
LYKISHA D. BEASLEY, State Bar No. 282907
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-6110
 Fax: (916) 324-5567
 E-mail: Lykisha.Beasley@doj.ca.gov
*Attorneys for Defendant
Jacob Appelsmith, Director of the
Alcoholic Beverage Control*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ORION WINE IMPORTS, LLC and PETER E. CREIGHTON,**<br><br>Plaintiffs,<br><br>v.<br><br>**JACOB APPLESMITH, in his official capacity as Director of the California Department of Alcoholic Beverage Control,**<br><br>Defendants. | 2:18-cv-01721-KJM-DB<br><br>**DEFENDANT'S REPLY TO PLAINTIFFS' BRIEF IN REPLY TO AMICUS CURIAE BRIEF**<br><br>Date: November 22, 2019<br>Time: 10:00 a.m.<br>Courtroom: 3<br>Judge: The Honorable Kimberly J. Mueller<br><br>Action Filed: June 14, 2018 |

### INTRODUCTION

Pursuant to the Court's Minute Order (ECF No. 60), Defendant Appelsmith submits the following brief in response to the arguments presented by Plaintiffs in ECF No. 62. The arguments offered by the Amici in ECF No. 58 further support Defendant's requested dismissal of Plaintiffs' lawsuit.

///

///

1

**ARGUMENT**

**I.   THE LICENSURE CONTEXT PROVIDED BY THE AMICI IS RELEVANT AND BEARS ON PLAINTIFFS' ALLEGED INJURIES AND POTENTIAL REDRESSABILITY**

The standing issues discussed by the California Beer and Beverage Distributors and the Wine and Spirits Wholesalers of California in their Amicus Brief (ECF No. 58) are relevant. As noted by the Court in its prior Order granting (with leave to amend) Defendant's motion to dismiss, federal court jurisdiction is predicated on standing. (ECF No. 52, p. 5.) Further, the lack of subject matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage of the litigation." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). It is Plaintiffs' responsibility to adequately allege the elements satisfying Article III standing: 1) injury in fact, 2) causation, and 3) redressability. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016); *Clapper v. Amnesty International USA et al.*, 568 U.S. 398, 409 (2013). The Federal Rules of Civil Procedure mandate that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. Rule Civ. Proc. 12(h)(3).

In this case, Plaintiffs allege in their TAC and, again, in their reply to Amici that "they have lost income they would otherwise have received from sales to the Pour House if the law allowed them to sell and ship directly [to the Pour House]. Plaintiffs' ECF No. 62. This assertion presumes a set of facts that bears directly on whether the Plaintiffs have adequately pleaded injury in fact and redressability. *Spokeo, Inc.*, 136 S.Ct. at 1547; *Clapper,* 568 U.S. at 409. The Amicus Brief explains that even if Plaintiffs were granted their requested relief (special permission to circumvent the middle tier of California's three-tier regulatory system and ship imported wine directly to a retailer), retailers would still be subject to the three-tier system. One of the relevant practical examples discussed by Amici is the impact of California Business and Professions Code section 23017, which requires any individual or entity "to whom delivery is first made in [California]" to be a licensed importer. Cal. Bus. & Prof. Code § 23017. Under the scenario proffered by Plaintiffs, the Pour House would have to be a licensed importer for Orion's requested circumvention to achieve its intended effect. The standing issues discussed in the

Amicus Brief speak directly to the relationship between Plaintiffs' assertions and California's three-tier alcoholic beverage licensing and regulation system.

## II. AMICI'S DISCUSSION OF THE SCOPE AND APPLICATION OF THE DORMANT COMMERCE CLAUSE IS RELEVANT BECAUSE THE CHALLENGED STATUTE IS NON-DISCRIMINATORY

Plaintiffs' summarily dismiss the authorities upon which Amici rely, but those authorities confirm that, based the facts of this case, Plaintiffs cannot state a valid dormant Commerce Clause Claim.   ECF No. 62, pp. 4-5.  Amici's discussion of *Exxon Corp. v. Governor of Maryland*, 437 U.S. 117 (1978), and related cases is relevant to the instant litigation.  The holding in Exxon demonstrates the high burden on a party seeking to invalidate a state regulation in federal court.  *Exxon* held a law (prohibiting oil refiners and producers from operating gas stations in Maryland) not to be discriminatory because it did not increase the relative market share of local business.  There, the Supreme Court determined that, even though all of the gas products sold in Maryland were produced and refined out-of-state (causing a disproportionate impact on out-of-state businesses), the law did not distinguish between in-state and out-of-state companies in the retail market or prohibit the flow of interstate goods.  *Exxon Corp. v. Governor of Maryland*, 437 U.S. 117 (1978).

Similar to the challenged statute in *Exxon*, Section 23661 is also non-discriminatory because it does not distinguish between in-state and out-of-state entities. All importers are treated the same.

*Exxon* has also informed the Ninth Circuit's review of dormant Commerce Clause discrimination claims.  In a recent decision in *Rosenblatt v. City of Santa Monica*, 940 F.3d 439 (9th Cir. 2019), the court rejected a discrimination challenge to a city ordinance prohibiting short-term vacation rentals unless a primary resident remained in the dwelling for the duration of such rentals.  *Rosenblatt v. City of Santa Monica*, 940 F.3d 439, 442 (9th Cir. 2019).  The court reasoned that because the ordinance treated all interests equally and applied one set of rules to all entities, it did not discriminate against out-of-state property owners.

///

///

Here, too, it is undisputed that the challenged statute makes no distinction between in-state entities and out-of-state entities.  Section 23661 does not impose any requirements upon out-of-state importers that are not equally imposed upon in-state importers.

## CONCLUSION

The issues raised in the Amicus Curiae Brief (ECF No. 58) further highlight the inadequacies of Plaintiffs' Third Amended Complaint.  In consideration of the number of opportunities Plaintiffs have had to state valid claims against Defendant Appelsmith, the arguments presented by Defendant in support of dismissal, and the arguments presented by the Amici, Defendant respectfully requests that, based on the foregoing, the Court dismiss Plaintiffs' Third Amended Complaint without leave to amend.

Dated:  November 20, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
ANDREA R. AUSTIN
Supervising Deputy Attorney General


*/s/ Lykisha D. Beasley*


LYKISHA D. BEASLEY
Deputy Attorney General
*Attorneys for Defendant Jacob Appelsmith, Director of the Alcoholic Beverage Control*

SA2018101846
14277741.docx

# CERTIFICATE OF SERVICE

Case Name: **Orion Wine Imports, LLC, and Peter E. Creighton v. Jacob Applesmith**    No. **2:18-cv-01721-KJM-DB**

I hereby certify that on <u>November 20, 2019</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S REPLY TO PLAINTIFFS' BRIEF IN REPLY TO AMICUS CURIAE BRIEF**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>November 20, 2019</u>, at Sacramento, California.

| Marianne Baschiera | */s/ Marianne Baschiera* |
|---|---|
| Declarant | Signature |

SA2018101846
14277695.docx