1

2

3

4

5

6

7                                     UNITED STATES DISTRICT COURT

8                              FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    ORION WINE IMPORTS, LLC and                    No.  2:18-cv-01721-KJM-DB
      PETER E. CREIGHTON,
11
                          Plaintiffs,
12                                                   ORDER
              v.
13
      JACOB APPLESMITH, in his official
14    capacity as Director of the California
      Department of Alcoholic Beverage
15    Control,

16                        Defendant.

17

18            Plaintiffs Orion Wine Imports, LLC ("Orion") and Peter E. Creighton bring this

19    action under 42 U.S.C. § 1983 challenging the constitutionality of California Business &

20    Professions Code section 23661 and related California statutes, which permit alcoholic beverages

21    to be imported into California only when consigned and delivered to a licensed importer at the

22    importer's licensed premises or at a licensed public warehouse.  Third Am. Compl. ("TAC"),

23    ECF No. 53.  Defendant Jacob Applesmith moves to dismiss plaintiffs' Third Amended

24    Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Mot., ECF No. 56-1.

25    Plaintiffs filed an opposition, ECF No. 57, and defendant a reply, ECF No. 61.  The court held a

26    hearing on the motion to dismiss, at which James A. Tanford appeared for plaintiffs, Lykisha

27    Beasley appeared for defendant, and Robert A. Brundage appeared for amici California Beer and

28    Beverage Distributors ("CBBD") and Wine and Spirits Wholesalers of California ("WSWC").

                                                     1

1   As explained below, the court GRANTS the motion.

2       I.      BACKGROUND

3           The facts of this case were laid out in the court's prior order on the original motion

4   to dismiss, and the court reproduces them as necessary here.  *See* Order, ECF No. 52 at 2–4.

5   Plaintiff Orion Wine Imports, LLC is a Florida-based and -licensed importer and wholesaler of

6   wine that would like to import, sell and deliver its products directly to California retailers.  TAC

7   ¶¶ 4, 22-23.  Plaintiff Peter Creighton is a Florida resident and sole member of Orion Wine

8   Imports, LLC.  *Id.* ¶¶ 5, 29.  As sole member of the LLC, Creighton collects all profits from

9   Orion and reports them on his personal tax return.  *Id.* ¶ 31.  Creighton travels to various wine-

10  producing foreign countries, buys wine from foreign wineries, imports the wine through Orion,

11  and markets the wine to retailers, restaurants and hotels.  *Id.* ¶¶ 5, 30.  Creighton seeks to practice

12  his profession and market, sell and deliver wine directly to California retailers.  *Id.* ¶ 40.

13  Defendant Jacob Applesmith is sued in his official capacity as the Director of the California

14  Department of Alcoholic Beverage Control.  *Id.* ¶ 6.

15          California Business and Professions Code section 23661 is a provision of

16  California's Alcoholic Beverage Control Act ("ABC Act") regulating where alcoholic beverages

17  imported from outside California are to be consigned and delivered upon arrival in the state.

18  Plaintiffs seek a declaratory judgment that section 23661 discriminates against interstate

19  commerce in violation of the Commerce Clause and the Privileges and Immunities Clause of

20  Article IV of the U.S. Constitution.  *Id.* at 9–10.  Plaintiffs also seek to enjoin California from

21  enforcing section 23661 and to require the State to permit plaintiffs to sell and deliver wine

22  directly to California retailers without consigning it to a California importer.  *Id.* at 9–10.

23  Specifically, the challenged statute provides in pertinent part as follows:

24              [A]lcoholic beverages may be brought into this state from without
                this state for delivery or use within the state only by common carriers
25              and only when the alcoholic beverages are consigned to a licensed
                importer, and only when consigned to the premises of the licensed
26              importer or to a licensed importer or customs broker at the premises
                of a public warehouse licensed under this division.
27

28  Cal. Bus. & Prof. Code § 23661.

                                        2

1          As a provision of the ABC Act, section 23661 is part of California's three-tiered

2   licensing scheme for the sale and distribution of alcoholic beverages.  The three tiers refer to:

3   (1) manufacturers of alcoholic beverages, (2) wholesalers and (3) retailers.  *Id.* § 23320(a).  Under

4   the three-tier system, a manufacturer generally sells its wine to a licensed wholesaler, who then

5   sells and delivers the wine to a licensed in-state retailer.  *Id.* §§ 23356(b), 23378.  The retailer, in

6   turn, sells the wine to consumers.  *Id.* §§ 23026, 23394, 23402.  Importers typically fit into this

7   system at the manufacturer and wholesaler tiers.  *Id.* § 23017.  The holder of an importer's license

8   cannot sell or deliver wine to retailers unless it also has a wholesaler's license.  *Id.* §§ 23374,

9   23374.5, 23374.6, 23775.  If an importer also holds a wholesaler's license, then the importer can

10  transfer the imported beverages to itself under the wholesaler's license and use the wholesaler's

11  license to sell to retailers.  *Id.* §§ 23374, 23378, 23402.  An LLC holding a license under the Act

12  "shall maintain a record of its members at the principal office of the company in California and

13  the record of its members shall be available to the department for inspection."  *Id.* § 23405.2.

14          Section 23661, the statute at issue here, requires imported alcoholic beverages to

15  be consigned only to licensed importers and delivered to licensed importers either at their

16  licensed premises or at a licensed public warehouse.  *Id.* § 23661.  The statute thus regulates

17  where in the three-tier structure alcoholic beverages are to be consigned and delivered upon

18  arrival in California, funneling imported alcoholic beverages into California's three-tier system at

19  the manufacturer or wholesaler levels.  The statute also regulates where imported alcoholic

20  beverages may be physically delivered: to a licensed importer either at its licensed premises or at

21  a licensed public warehouse.  A public warehouse is "any place licensed for the storage of, but

22  not for sale of, alcohol, or alcoholic beverages, for the account of other licensees."  *Id.* §§ 23036,

23  23375 ("A public warehouse license authorizes the storage of alcoholic beverages for the account

24  of another licensee . . . .").  California law allows an "out-of-state business" to obtain a license to

25  have alcoholic beverages come "to rest, [be] stored, and [be] shipped from" a licensed public

26  warehouse.  *Id.* § 24041.

27          Plaintiffs allege California's three-tiered scheme discriminates against out-of-state

28  wholesalers and importers of wine.  TAC at 2.  They allege a business located within California

can obtain a combination of licenses allowing it to import, sell and deliver wine directly to California retailers, while a business located outside California cannot obtain the same combination of licenses and must instead sell its wine to in-state importers or wholesalers, who may then deliver the wine to California retailers. *Id.* ¶¶ 7–10. They allege the statute requires all wine from out-of-state distributors "must be consigned to a California-based importer with premises in the state." *Id.* ¶ 9. They further allege if Orion wanted to obtain California importer and wholesale licenses, it would have to open a physical office in California to meet the requirement that records of "sales, inventory, taxes, and ownership be maintained and available for inspection in California," that Orion claims is mandated by section 23405.2. *Id.* ¶ 19.

Defendant contests plaintiffs' characterization of the effect of the law. He points out there is no requirement in the statutes at issue that any licensee be "California-based" as Orion alleges. Mem. P. & A., ECF No. 56-1 at 4. He also contends plaintiffs fail to address the alternative provided for in section 23661 to consigning wine to a licensed importer: namely, consigning it to a licensed public warehouse. *Id.* Defendant asserts Orion, as an out-of-state business, can obtain the importer's and wholesaler's licenses and consign its wine at a licensed public warehouse. *Id.* at 5.

On August 16, 2019, the court granted defendant's motion to dismiss plaintiffs' Second Amended Complaint. Order, ECF No. 52. At the same time, the court granted plaintiffs leave to amend their Commerce Clause claim to clarify whether and to what extent they must establish a physical presence in California to obtain the licenses they seek. Order at 11. The court also granted plaintiffs leave to amend their Privileges and Immunities claim to establish Creighton's standing as an individual with an injury distinct from that alleged by Orion, if possible. Order at 15.

Plaintiffs filed their Third Amended Complaint shortly thereafter, ECF No. 53, and defendant filed the instant Motion to Dismiss, ECF No. 56. Plaintiffs oppose. ECF No. 57. Amici CBBD and WSWC ("the amici") filed an amicus brief. ECF No. 58. Plaintiffs filed a motion to strike the amicus brief, ECF No. 59, which the court granted only insofar as amici purported to offer evidence, but denied as to the balance of the brief. ECF No. 60. Defendant

4

filed a reply brief.   ECF No. 61.  Plaintiffs filed a reply to the amicus brief.  ECF No. 62.  Amici replied to plaintiffs' reply.  ECF No. 63.  As allowed by the court, defendant replied to plaintiffs' reply.  ECF No. 64.

II.     LEGAL STANDARD

A.  Rule 12(b)(1)

The U.S. Constitution "limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'"  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992).  "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy."  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *see also Lujan*, 504 U.S. at 560 ("[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III.").

A plaintiff possesses Article III standing only if he or she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo*, 136 S. Ct. at 1547 (citing *Lujan*, 504 U.S. at 560).  To establish an injury in fact, the plaintiff must show the defendant infringed on the plaintiff's legally protected interest in a "concrete and particularized" manner that is "actual or imminent, not conjectural or hypothetical."  *Lujan*, 504 U.S. at 560 (internal quotations and citations omitted).  "A 'concrete' injury must be 'de facto'; that is, it must actually exist."  *Spokeo*, 136 S. Ct. at 1548 (citing Black's Law Dictionary 479 (9th ed. 2009)).

Lack of standing is "properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), not Rule 12(b)(6)."  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  "Rule 12(b)(1) jurisdictional attacks can be either facial or factual."  *Id.*  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Id.*  A "district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether

5

the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)).  In a factual attack, however, the court may review evidence outside the pleadings to resolve factual disputes concerning the existence of jurisdiction.  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).  "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."  *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)).

Plaintiffs, as the parties invoking federal jurisdiction, bear the burden of establishing the elements to satisfy Article III standing.  *See Spokeo*, 136 S. Ct. at 1547.  "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element."  *Id.* (alteration in original) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

B.  Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990), *overruled on other grounds*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to dismiss for failure to state a

1  claim is a "context-specific task that requires the reviewing court to draw on its judicial

2  experience and common sense." *Id.* at 679.  Ultimately, the inquiry focuses on the interplay

3  between the factual allegations of the complaint and the issues of law that are dispositive in the

4  action.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

5           In making this context-specific evaluation, this court must construe the complaint

6  in the light most favorable to the plaintiff and accept its factual allegations as true.  *Erickson v.*

7  *Pardus*, 551 U.S. 89, 93–94 (2007) (citing *Twombly*, 550 U.S. at 555–56).  This rule does not

8  apply to "a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quoting

9  *Papasan v. Allain*, 478 U.S. 265, 286 (1986)), "allegations that contradict matters properly

10 subject to judicial notice," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001),

11 *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001), or material attached to or

12 incorporated by reference into the complaint, *see id.*  A court's consideration of documents

13 attached to a complaint, documents incorporated by reference in the complaint, or matters of

14 judicial notice will not convert a motion to dismiss into a motion for summary judgment.  *United*

15 *States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003); *Parks Sch. of Bus., Inc. v. Symington*,

16 51 F.3d 1480, 1484 (9th Cir. 1995); *cf. Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977,

17 980 (9th Cir. 2002) (even though court may look beyond pleadings on motion to dismiss,

18 generally court is limited to face of the complaint on 12(b)(6) motion).

19    III.    DISCUSSION

20           A.   Motion to Strike

21           Plaintiffs' motion to strike the amicus brief asserts the Declaration of Robert

22 Brundage is inadmissible, tainting the motion.  Pl.'s Mot. to Strike Amicus Br., ECF No. 59-1 at

23 2-3. The declaration purports to show The Pour House, a retail wine shop in Truckee, California,

24 has no importer's license.  Amici contend The Pour House's lack of an importer's license would

25 makes its receipt of wine on its first entry into the state unlawful for various reasons unrelated to

26 section 23661, and thus plaintiffs' proposed transaction with the Pour House is unlawful

27 regardless of the challenged law.  Plaintiffs are correct that amici are not, absent a grant of

28 intervention, parties to an action and therefore cannot offer evidence on their own.  *WildEarth*

7

1  *Guardians v. Jeffries*, 370 F. Supp. 3d 1208, 1228 (D. Or. 2019) (citing *United States v. Oregon*,

2  745 F.2d 550, 553 (9th Cir. 1984)).  The court does not consider the Brundage declaration in

3  reaching its decision.

4            In any event, the absence of a declaration purportedly showing The Pour House's

5  lack of an importer's license is immaterial.  The Third Amended Complaint does not allege The

6  Pour House has such a license, nor do plaintiffs argue they need one.  Plaintiffs agreed at hearing

7  that they do not contend The Pour House has an importer's license, or indeed that they could get

8  one as a retailer.

9            B.  Standing

10            Amici CBBD and WSWC raise the issue of plaintiffs' standing. Although they are

11  non-parties, amici rightly point out that standing is jurisdictional and the court has an independent

12  obligation to examine its jurisdiction over the case.  *United States v. Hays*, 515 U.S. 737, 742

13  (1995); *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230-31 (1990).  A court may consider an

14  issue raised by an amicus *sua sponte* if it touches on fundamental issues of the court's

15  jurisdiction.  *Stone v. City & Cty. of San Francisco*, 968 F.2d 850, 855 (9th Cir. 1992)

16  (considering federalism and comity issue raised by amici).

17            Plaintiffs' alleged injury with respect to both the dormant Commerce Clause claim

18  and the Privileges and Immunities claim is the inability to ship wine directly to a California

19  retailer without the added burden of consigning it to an importer or public warehouse.  TAC

20  ¶¶ 22-27, 43.  Specifically, plaintiffs allege they had an agreement in principle to sell wine to The

21  Pour House in Truckee, California, a retail wine shop, but had to renege on the agreement when it

22  became apparent that the proposed sale of wine directly from Orion to The Pour House would

23  violate California law.  TAC ¶¶ 23–24.  Plaintiffs allege their injury is caused by "the California

24  law that prohibits direct-to-retailer sales from an out of state licensed wholesaler, such as Orion."

25  TAC ¶ 26.  Plaintiffs pray for a judgment declaring California Business & Professions Code

26  section 23661 unconstitutional, enjoining defendant from enforcing it, and "requiring Defendant

27  to allow Plaintiffs to sell and deliver wine directly to California retailers without consigning it to

28  a California importer."  TAC at 9–10.

A plaintiff challenging the validity of a statute cannot establish either causation or redressability where another statute not subject to challenge would continue to effect the same injury. *See, e.g.*, *McConnell v. Fed. Election Comm'n*, 540 U.S. 93, 228 (2003) (holding challengers to § 307 of Bipartisan Campaign Reform Act (BCRA) lacked standing because they would continue to suffer same injury due to § 315 of Federal Election Commission Act whether or not BCRA § 307 could be enforced); *Nuclear Info. & Res. Serv. v. Nuclear Reg. Comm'n.*, 457 F.3d 941, 953 (9th Cir. 2006) (finding no standing where challenge to NRC rulemaking would not invalidate Department of Transportation regulation with same effect.); *San Diego Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1130 (9th Cir. 1996) (finding no causation or redressability where challenged law was not the only factor raising price of firearms).

The Third Amended Complaint identifies the source of plaintiffs' injury variously as "the California law that prohibits direct-to-retailer sales from an out-of-state licensed wholesaler," TAC ¶ 26, "California's statutory scheme," *id.* ¶ 27, and "a licensing scheme that gives its own residents the privilege to market, sell and deliver wine to California-licensed retailers," *id.* ¶ 38. But the only specific statutes plaintiffs identify as causing injury are California Business & Professions Code sections 23661 and 23405.2. *Id.* ¶¶ 17, 19. The prayer for relief asks only for the invalidation of section 23661 and for the court to enjoin defendant so as "to allow Plaintiffs to sell and deliver wine directly to California retailers without consigning it to a California importer." *Id.* at 9–10.

Irrespective of section 23661's requirement that out-of-state alcoholic beverages be first consigned to an importer's facility or public warehouse, plaintiffs' proposed transaction would still be barred by other provisions of the ABC Act that plaintiffs do not challenge here. Plaintiffs assert in their briefs, and again at hearing, that section 23661 is the only thing precluding them from consummating their transaction. Reply to Amicus Br., ECF No. 59-2 at 3 ("Amici cite no statute that would continue to prohibit Orion from selling and shipping wine directly to The Pour House if the physical-presence rule in § 23661 were declared unconstitutional."). Although plaintiffs claim "[s]ection 23017 defines an importer as the entity that brings wine into the state," this mischaracterizes the law in a way fatal to their claim. *Id.* at

4. Section 23017(b) does not define an importer as the person initiating the transit of wine into the state. Rather, an importer is the person "to whom delivery is first made in this State of alcoholic beverages brought into this State from without this State for delivery or use within this State." Cal. Bus. & Prof. Code § 23017(b).

Various importer licenses are available under the ABC Act. *See id.* §§ 23320(b)(9) and (b)(10) (beer and wine importer's license and beer and wine importer's general license). Importer licenses authorize the license holder to be an importer, as defined in section 23017. *Id.* § 23374. Performing any act authorized under a license without possessing that license is a crime. *Id.* § 23300. Common carriers transporting alcoholic beverages from out of state must obtain a delivery receipt from a licensed importer on delivery. *Id.* § 23667. A carrier hired to deliver alcoholic beverages from out of state to a consignee without an importer's license or customs broker license must instead report the lack of a license and the shipment becomes forfeit to the state. *Id.* § 23668.

Here, the statute plaintiffs challenge, section 23661, has not caused, either actually or proximately, their alleged injury. Nor would invalidating the statute redress plaintiffs' injury. If Orion causes the wine to be delivered to The Pour House in the first instance, The Pour House is by definition an importer; if The Pour House receives the wine without a license, it is liable under the Act for performing the acts of an importer while unlicensed. *Id.* § 23300. The common carrier would be unable to deliver the wine to The Pour House unless The Pour House were an importer. The Third Amended Complaint alleges it was not only plaintiffs' concern about liability that sunk the Pour House transaction; The Pour House was also not willing to fulfill the agreement out of fear of its own liability. TAC ¶ 24 ("[b]ecause neither party was willing to risk violation of California law concerning their intended transaction the agreement was voided."). Because the inability to complete the proposed transaction is caused by all of these statutory prohibitions, it is not caused exclusively by the statute on which plaintiffs rely. As a result, invalidating section 23661 will not remedy the inability of Orion to sell wine directly to The Pour House.

For these reasons, the court dismisses the operative complaint for lack of standing.

10

IV.     <u>CONCLUSION</u>

For the foregoing reasons, defendants' motion to dismiss is GRANTED without leave to amend.  At hearing, plaintiffs clarified they did not intend to seek further amendment of their complaint if the court dismissed it, as it now has.  This order resolves filings ECF Nos. 56 and 59.

IT IS SO ORDERED.

DATED: February 19, 2020.

CHIEF UNITED STATES DISTRICT JUDGE

11